UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**RECEIVED**

NOV 1 3 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James R. Henson
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: 07 C 50223
Judge Kapala
(To be supplied by the Clerk of this Court)

(Dixon Prison's Officer Barczy,)
(Dixon Prison's Lt. Davey,)
(Warden, Nedra Chandler,)
(Illinois Dept. of corrections' transfer coordinator,)
Roger Walker

Doctor, Weiner,
Mike Yusak,
Dennis Starnes,
Sue Rose

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

__X__   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I. **Plaintiff(s):**

A. Name: James Henson

B. Date of Birth: 7-6-1967

C. List all aliases: Jim

D. Prisoner identification number: N-70390

E. Place of present confinement: Pinckneyville Prison

F. Address: Box 999 Pinckneyville, IL 62274

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Mr. Barczy

   Title: Officer

   Place of Employment: Dixon Prison, Dixon, Illinois

B. Defendant: Mr. Davey

   Title: Lieutenant

   Place of Employment: Dixon Prison, Dixon Illinois

C. Defendant: Nedra Chandler

   Title: Warden

   Place of Employment: Dixon Prison, Dixon, Illinois

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

continued on next added page

Defendants:

D. Defendant: Illinois Dept. of corrections' Transfer coordinator
   Title: Transfer coordinator
   Place of Employment: 1301 Concordia Ct. Springfield, IL 62794

E. Defendant: Roger Walker
   Title: Director of Illinois Dept. of corrections
   Place of Employment: 1301 Concordia court Springfield, IL

F. Defendant: Dr. Weiner
   Title: Chief Psychologist
   Place of Employment: Dixon Prison, Dixon, IL

G. Defendant: Mike Yusak
   Title: Paroled inmate Placement referral Person
   Place of Employment: 200 S. Wyman St., Rockford, IL

H. Defendant: Dennis Starnes
   Title: Parole Agent
   Place of Employment: Dept. of corrections Parole Dept. 119 N. Church St Rockford, IL

I. Defendant: Sue Rose
   Title: employee
   Place of Employment: McHenry County Housing Authority
   1108 N. Seminary Woodstock, IL 60098

2 continued

2 continued

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Henson V. McHenry Co. Jail 2003 C 50480 in forma Pauperis Granted, court appointed counsel

B. Approximate date of filing lawsuit: October, 2003

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: Raymond Blazer, Sandra Smith, Robert Henson, Keith Gocak, Sedlock, Estrada, Sylvester, Franzone,

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Illinois northern district, Western division

F. Name of judge to whom case was assigned: Reinhard

G. Basic claim made: 11th Amendment, cruel unusual punishment

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settled

I. Approximate date of disposition: July, 2006

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV. Statement of Claim:

(1) On Nov. 4, 2005 I was subjected to a wanton, violent infliction of cruel and unusual physical force by Dixon Prison's Officer, Barczy when he deliberately caused me physical pain and injury while I was confined in the prison hospital holding area for Psych. (Psychiatric) patients where I was sitting on the floor, against a wall where officer Barczy punched me in my head with his closed fist, slammed my face on a louvered floor air vent, and nearly strangled me to death while smearing my face on the floor in my blood, causing me unable to breathe before another staff member and Lieutenant Davey ended the incident and handcuffed me. Barczy did this because he didn't like something I said. I subsequently still suffer mental torment and neck pain.

(2) Lieutenant Davey took me to a nurse who asked "where is all this blood coming from"!, gave me a tetanus shot and wanted to stitch my laceration, and have a doctor examine my neck, but Davey wouldn't let her. Davey stated "I'm better than a nurse I'm a Lieutenant" subsequently denying me needed medical care. Now my neck still hurts. He took me to segregation where I was restrained and beaten by 3 guards and accused of staff assault.

4

(3) After it was clear that officer Barczy was at fault, Warden, Nedra Chandler elected to punish me by confining me in disciplinary segregation for a determined two month period during which time she allowed her Psych. staff to determine where to have me transferred to via. deliberately misdiagnosing my Illnesses — such staff being biased because I indicated I would take legal action to get the care I needed — because their denying me successfull medication treatment used before Dixon placement and briefly re-prescribed thereafter caused me seizures, loss of hearing, and extreme loss of sleep. Sometime between 9-1, 2006 and 9-29, 2006 Chandler refused to allow me back into her Psych. facility. I learned this from Pontiac Prison's Psych. doctor, Angus on 9-29, 2006 after Angus and colleagues had recommended to the Dept. transfer coordinator that I be placed back at Dixon Prison special treatment center on 9-1, 2006. Documents will confirm: Notice of Impending Psych. transfer, etc...

(4) Chief Psych. doctor, Weiner is the doctor who acted deliberately, with bias — as indicated in above Par. #3 — causing me less able to recover via. illness treatment, and made it possible for Prisoner Review Board to impose harsh un-necessary conditions to my release term by labeling me a Polysubstance abuser even though I'm not a drug user and never had a drug related arrest. This subsequently invalidated a previous recently written recommendation for assisted post release living made by a Dixon specialist, but instead, I was ordered released to the streets of Rockford, IL (Post 7:00 pm Homeless shelter) and only transported to Elgin, IL on my 3-15, 2006 release date and then-

5

after I obtained psych. treatment by an independent psychiatrist untill 4-27,2006 subsequently providing me documents proving Weiner wrong.

(5) On 8-25,2006 the Dept. transfer coordinator, under supervision of the Dept. director, while knowing me to be a psych. patient and assumed to be a staff assaulter only convicted for non violent possession of stolen property, deliberately caused me to be wrongfully placed and treated in a maximum security prison's psych. Hospital in Pontiac prison (a facility intended and used only for class-x and violent offenders) by scheduleing me to be placed in Pontiac's work farm where psych. patients treated with psych. meds. are not accepted, before Pontiac staff caught the misplacement the same day (4-27-06). Later, on 10-4,2006 the transfer coordinator deliberately acted against psychiatrist's 9-1-2006 impending recommendation for special treatment center placement, and placed me back in Pinckneyville prison - known to be more of a disciplinary type facility than other prisons because of it's most strict, extreme practices - where Dr. Weiner had me placed months earlier. It's clear that a trickery type conspiracy was practiced to punish me more harshly than other prisoners convicted for same offense I'm accused of, and inflicted based solely on my illnesses via. inter dept. deliberate bias.

(6) Director, Roger Walker, through his appointed Administrative review Board deliberately would not resolve my serious health issues, through which I sought relief via. written grievances wherein the above persons herein this complaint appointed by him are indicated. Grievances were returned with responses simply, wrongfully

6

stating I didn't follow procedures. I'll prove I did, with counsel aid. One especially disturbing is an emergency grievance mailed simultaneously with same denied by this prison's warden subsequently resulting in nervous breakdowns and me given drugs for hearing voices and placed on suicide watch while denied medication, I subsequently obtained injury from a seizure, and thereafter was disregarded by prison, and Walker, and appointed staff. The facts stated herein have caused my diligent successful years of helping myself become now wasted. My entire health is now seemingly irreperable. I'm now more confused, depressed, antagonized, inflicted with anxiety, panic, loss of sleep, extremely underweight, affraid, disassociated, not knowing how or even if I'll recover or how much it will cost me to even get myself on my way to the point of recovery where I was before victimized by Dept. staff

(7)  On 3-17, 2006, before permitting me to find another shelter, Rockford area Parole agent, Schultz gave me the name of the Dept. employee who caused me paroled to the streets (Mike Yusak). I called him the same day explaining my ordeal, being abandoned in Elgin, that I'm a Psych. Patient and needed assisted living placement I insisted I was entitled to by law. He then ignored Dept. policy and wouldn't even try to help at all. He yelled "good luck" and hung up. There are halfway house and shelter programs in Mchenry county where I've always resided and was sent to prison from.

(8)  Parole agent, Dennis Starnes who has been my agent periodically since year 1992, deliberately manufactured a distructive

false report on 5-1, 2006 for the prisoner review board written based on false hearsay wherein he lied stating I wasn't where I told him I would be. Documents and witness will prove I was. Instead of phoning or meeting me at my daytime shelter address, he bothered my mother at her home and expected me to be there the next day on 4-9, 2006 (a Sunday). We met. He said he was upset that agent Schultz permitted me to live in my home county. He said he didn't like P.A.D.S. and that he "wasn't going to waste any time" with me and any matters related to my illnesses. He asked me if I was on Psych. meds, and why. So, I asked him to try to help me get halfway house placement, but then he told me to get into a P.A.D.S. living program. In support of this paragraph, witnesses such as my caseworker tried to contact Starnes via phone messages to notify him that I was diligently complying with my release orders, but Starnes never responded. I called Starnes on 4-28-06. He yelled at me demanding to know what I had been doing, I tried to explain everything while fighting anxiety, I asked him to speak with my case worker who was only a few feet away, so Starnes would believe me, but Starnes would not, and ordered me to call him "tuesday," 5-2, 2006 at which time I was sure I would be without shelter maybe for a few days. I said I would call. Then it dawned on me – I called him, and was never hard to contact and ~~again~~ he had just asked me again if I was taking meds, but he never could have known. Then recalling what he said on 4-9, 2006, it was clear to me that my rights to the provisions of the americans with disabilities act were being prohibited by Starnes. He could have

8

helped me if he wanted, but instead, he demonstrated that he had no intention of being my agent by helping me adjust to reentry into my home community, and no interest in knowing how hard I was trying, which I wanted him to know had he cooperated, and will prove here with many documents and witnesses who know this to be the truth. I found my own way, with initiative to the best structured homeless shelter reentry programs in my parole district. Starnes told me to work with it, but wouldn't work with me or even Mike Yusak because he knew I was Ill and didn't want to see me again untill he was sure I'd be a technical violator of parole without residence. Knowing the P.A.D.S. night shelters close on April 30th, but wouldn't meet me again untill two days after. In the past, he lied to the review board by stating he apprehended me in a stolen vehicle. Documents will prove this. Given my experience with Starnes, I started trying to plan how to get away from his jurisdiction after I hung up the phone and became stricken with panic.

(9.) Sue Rose, knowing Dennis Starnes, my caseworker, and my community history, acted with capricious, and arbitrary bias by denying me entitled emergency shelter assistance knowing me to be a Psych. patient paroled to the streets and living at P.A.D.S. while already receiving assistance from local public aid, and had legal counsel to help me obtain disability assistance.
It can be proven with legal counsel that the 9 herein defendants violated my constitutional rights while acting in their individual and official capacities.

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Make a Judgment demanding defendants to pay me Nominal, compensatory, and Punative damages with cash money (US dollars) that will equate to a reasonable, appropriate, necessary, and fair equitable amount to be decided by this Court

VI. The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 16th day of Oct., 20 07

*James R. Henson* (signature)

(Signature of plaintiff or plaintiffs)

James R. Henson
(Print name)

N-70390
(I.D. Number)

Pinckneyville Prison
P.O. Box 999
Pinckneyville, IL 62274
(Address)

10

Revised 5/2007