# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50223 | **DATE** | January 3, 2008 |
| **CASE TITLE** | James R. Henson (N-70390) v. Barczy | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $15.00 from plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. However, summonses shall not issue at this time. The court appoints Gregory E. Tuite, Greg Tuite & Associates, 119 N. Church Street, Suite 407, Rockford, IL 61101, tel: (815) 965-5777 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Fed. R. Civ. P. 11. This case is set for a status conference before the Honorable Magistrate Judge Mahoney on March 7, 2008 at 1:30 p.m.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

The plaintiff, James R. Henson (N-70390), a state prisoner currently incarcerated at the Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against correctional officers, officials, and a psychiatrist at the Dixon Correctional Center. The plaintiff alleges that: one correctional officer beat plaintiff; another officer refused plaintiff adequate medical care; the warden falsely accused plaintiff of assaulting a correctional officer; a prison psychiatrist misdiagnosed plaintiff's psychological condition; and other officers failed to assist plaintiff following his release from prison.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional center.
**(CONTINUED)**

## STATEMENT  (continued)

Although the plaintiff may proceed *in forma pauperis*, his complaint currently before the court is not acceptable, as it alleges several unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits"). The complaint is therefore dismissed without prejudice to the submission of an amended complaint that complies with *George v. Smith*, 507 F.3d at 607. The court hereby appoints Gregory E. Tuite, Greg Tuite & Associates, 119 N. Church Street, Suite 407, Rockford, IL  61101, tel: (815) 965-5777 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Within sixty days of the date of this order, appointed counsel, after investigation, should file an amended complaint, if such a filing comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court and the plaintiff. The court shall conduct its preliminary review of the plaintiff's claims under 28 U.S.C. § 1915A following the submission of an amended complaint that complies with this order.