# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50223 | **DATE** | 3/7/2008 |
| **CASE TITLE** | HENSON vs. BARCZY | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to withdraw as counsel is granted in part. Mr. Mertes is appointed as standby counsel. Amended complaint due May 7, 2008. Status hearing set for May 9, 2008 at 1:30 pm.

Docketing to mail notices.

00:04

      Plaintiff has applied to the court for appointment of counsel. According to Local Rule 83.36, the court is to take the following into consideration when making a determination as to whether appointment of counsel is necessary:

(1) the potential merit of the claims as set forth in the pleadings;

(2) the nature and complexity of the action, both factual and legal, including the need for factual investigation;

(3) the presence of conflicting testimony calling for a lawyer's presentation of evidence and cross-examination;

(4) the capability of the *pro se* party to present the case;

(5) the inability of the *pro se* party to retain counsel by other means;

(6) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and

(7) any other factors deemed appropriate by the judge.

      Monetarily speaking, Plaintiff appears to qualify for appointment of counsel. In addition, Plaintiff has indicated in the application that Plaintiff has tried to obtain private counsel. At this juncture of the litigation, the court does not have sufficient information to fully balance all of the interests to make a determination to appoint full counsel. In order to aid Plaintiff and the court in making that analysis, the court is going to appoint stand-by counsel for Plaintiff. Stand-by counsel will act as a legal resource to aid Plaintiff in the preparation and presentment of Plaintiff's case. Plaintiff is advised that the court expects Plaintiff's cooperation with court appointed counsel and stand-by counsel and to understand that court appointed counsel/stand-by counsel are not compensated by the government for their services. The court reserves the right to appoint full counsel, at Plaintiff's request, at a later date, balancing the factors as set forth in this opinion.

      Therefore, the court appoints stand-by counsel for Plaintiff.

      As a substitute to Local Rule 83.36(f), the court advises counsel that the pleadings are available on the court website at www.ilnd.uscourts.gov.

      Stand-by counsel is directed to forward any pleadings and court orders to plaintiff.

      Stand-by counsel and plaintiff to receive copies of all matters filed with the court.

Order Form (01/2005)     Case 3:07-cv-50223     Document 15     Filed 03/07/2008     Page 1 of 2

07C50223 HENSON vs. BARCZY     Page 1 of 2

| | |
|---|---|
| Courtroom Deputy Initials: | GG |

Case 3:07-cv-50223    Document 15    Filed 03/07/2008    Page 2 of 2

07C50223 HENSON vs. BARCZY — Page 2 of 2